UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT L. PRYOR and COCO FOODS,
INC., Chapter 7 Trustee of the Bankruptcy
Estate of Coco Partners, Inc.,

    Plaintiffs,

v.                                            Case No.:  2:20-mc-5-FtM-29MRM

RICHARD NELSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is "pro per Sui Juris [sic]" movant Richard Nelson's Motion to Quash Plaintiff's Subpoenas and Request for a Protective Order from the Bankruptcy Court Order. (Doc. 1). Nelson also filed an Affidavit in support of his Motion. (Doc. 2). No other party has made an appearance of record or otherwise opposed the motion. Nonetheless, for the reasons set forth herein, the Undersigned recommends Nelson's Motion (Doc. 1) be **DENIED**.

## BACKGROUND

A review of Nelson's filing shows that it includes various legal arguments unrelated to his requests for relief, and that the motion is replete with conclusory assertions. (*See*, *e.g.*, Doc. 1 at 7-9). Nevertheless, as best the Undersigned understands, at issue are four subpoenas originating from an adversarial proceeding commenced in the Eastern District of New York's Bankruptcy Court styled *In re Coco Partners, Inc.*, No. 8:2017bk76178 (Bankr. E.D.N.Y 2017). (*See* Doc. 1-1 at 2, 3, 4, 5).

Robert L. Pryor instigated both the Chapter 7 bankruptcy proceeding, mentioned above, and the related adversarial proceeding, *Pryor v. Nelson & Sons Formals Ltd. et al.*, Adv. Proc.

No. 8-18-08004-reg (Bankr. E.D.N.Y. 2018).  In that proceeding, Pryor named Nelson as an individual Defendant, along with two corporations that Nelson previously owned (Doc. 2 at 1). *See Pryor*, Adv. Proc. No. 8-18-08004-reg (Bankr. E.D.N.Y. 2018).  Pryor issued four subpoenas to various financial institutions seeking the production of:

> 1. Any and all bank statements, cancelled checks, deposit slips, and withdrawal slips for any checking, savings, and/or any other financial account in the name of (i) Nelson and Sons Formals, Ltd. (d/b/a Tuxedo Park), (ii) Rychards Formals Ltd. (d/b/a Tuxedo Park), including but not limited to, accounts ending in "2000", "3120", and "3580," [sic] (iii) Nelson & Sons Rentals Inc., and/or (iv) Richard Nelson, for the period beginning January 1, 2014 through and including December 31, 2016.

(Doc. 1-1 at 6).

Nelson now asks this Court for:  "(i) an Order to Quash the Five Subpoenas pursuant to Rule 45(d), and/or:  (ii) Protective Order pursuant to Rule 26(c) from the Requests for Discovery by Plaintiffs [sic] subject Subpoenas and; (iii) an Order to Vacate the Bankruptcy Court's Order Compelling Richard Nelson."  (Doc. 1 at 10).[1]  According to the subpoenas, the financial institutions were to comply on March 31, 2020 at 10:00 AM.  (Doc. 1-1 at 2, 3, 4, 5).[2]  Yet Nelson filed this instant motion on March 31, 2020 at 11:57 AM EST.  (*See* Doc. 1).  However, even if the institutions have not yet complied, the Undersigned finds no grounds upon which to quash the subpoenas.

---

[1] Nelson states there are five subpoenas yet attached to the motion are only four, commanding production from:  Bank of America (Doc. 1-1 at 2); Astoria Federal Savings Bank (*id*. at 3); TD Bank (*id*. at 4); and Capital One Bank, N.A. (*id*. at 5).

[2] While the subpoenas do not specify, it is presumed 10:00 AM EST.

2

## DISCUSSION

Nelson's requests fail, as a matter of law, for one major reason: he is seeking relief from the wrong court. Rule 45 of the Federal Rules of Civil Procedure permits parties to issue subpoenas commanding nonparties to produce documents. The Rule also sets forth the proper means by which to challenge a subpoena in that a party must make a timely motion to the "court for the district *where compliance is required*" to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).

Here, it was the Bankruptcy Court for the Eastern District of New York that issued the subpoenas and compliance was to occur in Westbury, New York. (Doc. 1-1 at 2, 3, 4, 5). The only nexus this matter has to this Court, at all, is that Nelson attests he is a Florida state resident in Collier County. (Doc. 2 at 1). However, such fact is irrelevant under Rule 45's procedure for quashing a subpoena because, again, compliance is due wholly within the state of New York. For that reason alone—issues of standing aside—Nelson's request that this Court quash the New York subpoenas is due to be denied.[3]

In the alternative, Nelson asks this Court to issue a protective order but, there too, Nelson turns to the wrong court. Rule 26(c)(1) provides: "A party or any person from whom discovery is sought may move for a protective order *in the court where the action is pending*." Fed. R. Civ. P. 26(c)(1) (emphasis added). Here, Nelson is asking this Court to issue a protective order for a matter entirely pending in the Bankruptcy Court for the Eastern District of New York. Any and

---

[3] While the Court need not address this issue, "[a] majority of district courts in the Middle District [have] held that [a] party seeking to quash a subpoena aimed at a party's financial records does not have standing to move to quash the subpoena under Rule 45." *Popoli v. Ft. Myers Lordge #1899 Loyal Order of Moose, Inc.*, No. 2:15-cv-311-FtM-29CM, 2015 WL 9031929, at *2 (M.D. Fla. Dec. 16, 2015) (collecting and discussing cases).

all discovery is occurring before *that* court and not within the Middle District of Florida. Inasmuch, Nelson's request for a protective order is procedurally improper and is better suited for the Eastern District of New York, not the Middle District of Florida.

Lastly, Nelson misunderstands the jurisdiction of this Court when he requests an "Order to Vacate the Bankruptcy Court's Order Compelling Richard Nelson [sic]."  (Doc. 1 at 10). Although district courts have appellate jurisdiction over the final and interlocutory orders of bankruptcy judges, *see* 28 U.S.C. § 158(a), "[a]n appeal under [that] subsection shall be taken *only to the district court for the judicial district in which the bankruptcy judge is serving*" *id.* (emphasis added).  While Nelson does not specify which order of the Bankruptcy Court he is challenging, whatever order that may be, it must have originated from the Bankruptcy Court within the Eastern District of New York.  In other words, Nelson does not allude to any order from a bankruptcy court within the Middle District of Florida.  So, for that reason, this Court is without jurisdiction to hear an appeal from, and vacate, an Eastern District of New York Bankruptcy Court's order.

Based upon the foregoing, Nelson's Motion is due to be denied in its entirety.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Defendants [sic] Motion to Quash Plaintiff's Subpoenas and Request for a Protective Order from the Bankruptcy Court Order (Doc. 1) be **DENIED**.
2. The Clerk of Court be **DIRECTED** to close the case.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on April 30, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties